No. 83-108

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

LARRY RICHARDSON,

        Plaintiff and Appellant,

   -vs-

SAFECO INSURANCE COMPANY OF AMERICA,
a Washington Corp., and ROBERT J.
McCORKLE,

        Defendants and Respondents.

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        Kelleher Law Office; John S. Yoder, Billings,
        Montana

    For Respondents:

        Keefer, Roybal, Hanson, Stacey & Jarussi; J. Dwaine
        Roybal, Billings, Montana

Submitted on Briefs:  May 26, 1983

Decided:  September 29, 1983

Filed:  SEP 29 1983

                         *Ethel M. Harrison*
_____
                 Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Larry A. Richardson appeals an order of the Yellowstone County District Court granting summary judgment to defendants Safeco Insurance Company of America and Robert J. McCorkle. Richardson's claim was for actual and punitive damages. He claims he suffered economic loss, as well as mental and emotional distress, due to the actions of Safeco Insurance Company of America (Safeco) and its agent, Robert J. McCorkle, during negotiation and settlement of an accident claim. His claim of economic loss is based on attorneys fees incurred as a result of filing suit against Safeco to compel payment of car repairs. He also claims that he suffered mental and emotional distress by Safeco's fraudulent misrepresentation of intent to settle the claim, and Safeco's breach of good faith in the actual settlement of his claim. We affirm.

When Richardson accepted Safeco's settlement, he released the insurance company from all claims arising out of the accident. Richardson claims his economic loss (attorneys fees) accrued after he signed the release. He also claims it was not his intent to release Safeco from liability for bad faith actions when he signed the release.

The trial court found the attorneys fees and the alleged mental and emotional distress arose out of the same transaction as the car accident, and granted summary judgment to Safeco. We agree.

We first hold that Richardson's duty to pay attorneys fees arose when he contracted with his attorney to file suit, rather than after Richardson signed the release. Second, we

- 2 -

hold that Richardson's claim for bad faith was relinquished when he signed the release.

The case arose out of an automobile accident between Richardson's son Jeff, driving Richardson's car, and a car insured by Safeco. Delays in processing the claim prompted Richardson to retain the Kelleher Law Firm on November 16, 1981. Richardson alleges the Safeco agent, McCorkle, offered payment in return for Jeff's statement regarding the accident. After receiving the statement, McCorkle offered an amount less than the original estimate for repair. Richardson rejected this offer and filed an action to recover his full damages. In response, Safeco, through McCorkle, offered to settle for $950. When he accepted the settlement, Richardson signed a release of all claims against Safeco. After receiving payment, Richardson brought suit against Safeco and its agent, McCorkle. The claim alleged bad faith by Safeco in its manner of settlement resulting in Richardson's mental and emotional distress. Richardson also alleged economic loss in the form of attorneys fees incurred when Richardson brought suit to obtain the full amount of repair costs.

Larry Richardson claims he was damaged in the amount of attorneys fees, and this claim arose after he signed a release for Safeco. He also claims it was not his intent to release Safeco from liability for bad faith when he signed the release.

Whatever claims Richardson may have had against Safeco developed before the release was signed. Richardson's liability for attorneys fees arose when he contracted with the Kelleher Law Firm to pursue the property damage claim. Contracts require mutual consideration. Richardson's promise

to pay attorneys fees was exchanged for his attorney's promise to pursue the action. The obligation came into existence then, not later. Richardson knew all the facts and possible causes of action relating to the accident when he signed the release, and retained no right to sue Safeco for attorneys fees. Although the actual amount of attorneys fees depended on the settlement figure, Richardson's obligation and duty to pay the fees arose at the time of filing the first suit.

Richardson concedes that his mental and emotional distress arose before the signing of the release, but he nonetheless argues that he had no intent to release Safeco from a claim of bad faith. Language on the back of the check to Richardson specifically released Safeco from all claims arising out of the occurrence upon endorsement. Finally, one party's intent, unknown to the other, cannot change the obvious intent of the agreement. Safeco and McCorkle had no reason to know Richardson was not releasing them from all claims arising out of the accident.

All possible claims Richardson might have had against Safeco matured before the release was signed. Summary judgment was properly granted. The District Court's order is affirmed.

Daniel J. Shea

Justice

We Concur:

_____
              Chief Justice

_____

_____

_____
              Justices